UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Case Action No. 25-cv-02479-SKC
(Bankr. No. 17-17630-MER)
(Adv. No. 21-01100-MER)

*In re*: MATTHEW CURTIS WITT,

     Debtor.

---

NOEL WEST LANE III,

     Appellant,

v.

MATTHEW CURTIS WITT et al.

     Appellees.

---

## OPINION

---

This appeal by Appellant Noel West Lane, III, originates from an adversary proceeding in the United States Bankruptcy Court for the District of Colorado. The Court has examined the opening brief[1] (Dkt. 18), the appendix, the docket, and applicable legal authority. The Court finds oral argument unnecessary because the facts and legal arguments are adequately presented and argument will not materially assist in a decision.

---

[1] No response brief was filed.

1

## BACKGROUND

This appeal follows a long line of legal proceedings filed by Lane in his quest for relief from Debtor Matthew Witt arising from alleged mortgage fraud. Dkt. 18, p.10 ¶3 ("Appellant pursued related matters in the Bankruptcy Appellate Panel (BAP No. CO-22-007), the United States Court of Appeals for the Tenth Circuit (Case No. 23-1035) and later filed a petition for writ of certiorari in the Supreme Court of the United States (No. 23-1336). The Bankruptcy Court also imposed sanctions in Adversary Proceeding No. 21-001100-MER[.]"); *see also In re Witt*, 2023 WL 8524923, at *1 (10th Cir. Dec. 8, 2023) ("A dispute between Lane and defendant Matthew Curtis Witt has a nearly fifteen-year history that we need not recount. For our purposes, it is enough to know that Lane has long sought relief (unsuccessfully) from Witt, including through numerous judicial proceedings, for alleged mortgage fraud that allegedly caused Lane's bankruptcy.").

On May 4, 2021, Lane filed an adversary proceeding, Case No. 21-01100-MER ("AP"), which the Bankruptcy Court dismissed. In the adversary proceeding, Lane registered to receive email notices from the Bankruptcy Noticing Center (BNC) as of March 19, 2020, at the email address lane3co@outlook.com. *Appendix* 497 ¶¶4(b)-(c). Since then, the Bankruptcy Court docket indicates the BNC sent court orders to Lane at the above email address on the following dates: June 7, July 11, August 19, November 26, 2021; January 12, 23, March 11, 26, April 17, May 5, 2022; January

2

27, 2023; May 14, June 26, and August 3, 2025. *See* Bankruptcy Court Docket at Dkt. Nos. 28, 42, 66, 69, 77, 81, 90, 93, 96, 104, 107, 116, 119, 122.

On June 6, 2025, Lane filed a motion to reopen the AP. The Bankruptcy Court denied that motion on June 24, 2025 ("June 24 Order"). Like the court orders mentioned above, the BNC prepared a Certificate of Notice indicating it e-mailed the June 24 Order to Lane at lane3co@outlook.com on June 24, 2025. *Appendix* 508-09. The Certificate of Notice includes the following Notice Certification dated June 26, 2025: "I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entitles in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief." *Id.* 509.

The deadline for Lane to appeal the June 24 Order was July 8, 2025.[2] He missed the deadline. He claims he did not receive notice of the June 24 Order until July 15, 2025. On July 17, 2025, Lane filed a motion requesting an extension of time to appeal the June 24 Order based on excusable neglect. He also requested authorization to make a direct appeal to the Tenth Circuit. The Bankruptcy Court denied both requests on August 1, 2025 ("Order Denying Extension"). Lane then timely appealed the Order Denying Extension to this Court.

---

[2] The June 24 Order mistakenly references the deadline as July 7. But the discrepancy is not dispositive because Lane still missed the applicable July 8 deadline.

## ISSUES AND STANDARD OF REVIEW

Lane's opening brief identifies five issues for appeal: (1) "Excusable Neglect and Certification Error"; (2) "Fraud on the Court (Rule 60(d)(3))"; (3) "Rule 11(b) Violations and Officer Misconduct"; (4) "Pro Se Rights and Due Process"; and (5) "Relief from Sanctions in 21-00100-MER." Dkt. 18, pp.7-9. Only the first and fourth issues are properly before the Court.

As this Court already found when ruling on four of Lane's earlier motions, the scope of this appeal is limited to whether the Bankruptcy Court erred in denying Lane's request for an extension of time to appeal the June 24 Order. Dkt. 51. Only issues one and four relate to the Order Denying Extension. The other issues Lane identifies are all outside this appeal. *In re Lang*, 414 F.3d 1191, 1196 (10th Cir. 2005) ("An unsuccessful motion to cure an untimely appeal cannot itself be the vehicle for review of the matter not timely appealed. . . . [I]f a party appealing the denial of an extension motion were allowed to challenge the underlying substantive order, the whole proceeding on the motion actually under review would be rendered meaningless."). The issues, therefore, are these: (1) whether the Bankruptcy Court abused its discretion with its Order Denying Extension, and (2) whether the Bankruptcy Court's Order Denying Extension violated Lane's due process rights and right to access the courts as a pro se litigant.

Lane timely filed his Notice of Appeal on August 11, 2025, appealing the August 1, 2025 Order Denying Extension. The Order Denying Extension is a final

appealable order. *See In re Higgins*, 220 B.R. 1022, 1025 (B.A.P. 10th Cir. 1998) ("An order denying a motion for extension of time to file a notice of appeal is a 'final order,' from which an appeal will lie."); *see also* Fed. R. Bankr. P. 8002(a)(5)(A)(ii). Lane elected this Court to hear his appeal. The Court has jurisdiction over this matter under 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8005(a).

When a party appeals to the district court, a district court "reviews the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion." *In re St. Charles*, No. 20-cv-03050-PAB, 2022 WL 168715, at \*2 (D. Colo. Jan. 19, 2022) (collecting cases). When considering an abuse of discretion, a bankruptcy court's decision won't be disturbed unless the reviewing court "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir. 1991)). "An abuse of discretion will be found only where the trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *F.D.I.C. v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994) (cleaned up). When applying the "abuse of discretion" standard, the reviewing court "defer[s] to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value." *Moothart*, 21 F.3d at 1504 (quoting *McEwen*, 926 F.2d at 1554-54).

For the reasons shared below, the Court finds no abuse of discretion by the Bankruptcy Court. Its Order Denying Extension is AFFIRMED.

## ANALYSIS[3]

### 1. Denial of the Requested Extension of Time

Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal must be filed within 14 days after the order to be appealed is entered. This requirement is mandatory and jurisdictional. *In re Weston*, 18 F.3d 860, 862 (10th Cir. 1994). Rule 8002(d) allows the Bankruptcy Court to extend the deadline for filing a notice of appeal. The Bankruptcy Court may extend the deadline when a motion requesting an extension is filed either (1) within the 14-day appeal period or (2) "within 21 days after that time expires if the party shows excusable neglect." Fed. R. Bank. P. 8002(d)(1).

The Supreme Court has interpreted "excusable neglect" to mean "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). A finding of excusable neglect depends on four factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the movant's control, and (4) whether the movant acted in good faith. *Perez v. El Tequila,*

---

[3] Because Lane is not represented by counsel in this appeal, the Court has liberally construed his filings but without acting as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

*LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Id.* (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

Lane argued excusable neglect in his motion with the Bankruptcy Court. He claimed he did not receive notice of the June 24 Order until July 15, 2025. In support of his motion, he attached "email logs" for his "Inbox, Junk, and All Folders from prior to March 19, 2020, through and including June 26, 2025," to show the only email he received from BNC was the March 19, 2020 email when he registered for the service. *Appendix* 497-98; 512-23. Considering Lane's argument and evidence, the Bankruptcy Court found:

> [F]ailure to receive notice of the entry of an order or judgment does not, in and of itself, excuse an untimely appeal. Furthermore, the Court does not find Lane's assertions about lack of notice plausible. The Certificate of Mailing for the June 24 Order reflects the [BNC] sent notice of the June 24 Order by electronic transmission to Lane at the email address of lane3co@outlook.com on June 24, 2025. Lane claims he did not receive this email and that he has always received copies of court orders by regular mail. However, a review of the docket in this adversary proceeding reveals that every order entered by the Court was sent to Lane by the BNC via email to the above-listed email address, rather than by first-class mail. This is because Lane registered for email notices with the BNC on March 19, 2020. If Lane wishes to change his email notification status with the BNC, he must contact the BNC. Thus, Lane has failed to show excusable neglect.

*Appendix* 524-25 (footnotes omitted).

There is no abuse of discretion. The Bankruptcy Court considered Lane's argument that he did not receive timely notice of the June 24 Order and correctly

7

noted that failure to receive notice does not itself excuse an untimely appeal. *In re Loomas*, 2013 WL 5615943, at \*4 n.35 (10th Cir. BAP Oct. 15, 2013) (citing cases). The Bankruptcy Court then gave greater weight to the evidence in its docket which revealed "that every order entered by the Court was sent to Lane by the BNC via email" to lane3co@outlook.com "because Lane registered for email notices with the BNC on March 19, 2020." *Appendix* 524-25. It was well within the Bankruptcy Court's discretion to weigh the evidence in consideration of the credibility of Lane's assertions and to determine that Lane's assertions about lack of notice were not plausible.[4] *Naimie v. Cytozyme Lab'ys, Inc.*, 174 F.3d 1104, 1114 (10th Cir. 1999) ("[I]t is within the [lower] court's discretion to weigh the evidence and draw reasonable inferences from the facts.").

Lane argues the Bankruptcy Court failed to apply the *Pioneer* factors. The appellant in *Babakr v. Fowles*, No. 23-3026, 2024 WL 1479693, at \*5 (10th Cir. Apr. 5, 2024), made a similar argument. But the Tenth Circuit found "the [trial] court considered the most important [factor]—whether the delay was in Mr. Babakr's

---

[4] Lane argues the Bankruptcy Court erred with its "Rejection of FRE 1001-Compliant Evidence." Dkt. 18 p.29. He refers to the materials he submitted with his motion for an extension, to include "original BNC notices, bearing date and time stamps, produced directly from his email account." *Id.* He then argues "The Bankruptcy Court's refusal to credit this evidence and its characterization of Appellant's account as 'implausible' was clearly erroneous and contrary to *Koon [v. United States*, 518 U.S. 81 (1996)]." *Id.* But the Court finds no clear error or abuse of discretion in the Bankruptcy Court having weighed this evidence against the docket in the adversary proceeding showing the BNC's emailing of every order entered by that court to Lane to determine Lane's explanation was not plausible.

control and the reason for the delay—and it concluded that his explanations did not meet the excusable-neglect test[.]" *Id.* That's what the Bankruptcy Court did here. While the court did not reference *Pioneer* or its factors specifically, it is evident from the Order Denying Extension that the court considered the reason for the delay, including whether it was within Lane's control. *Appendix* 525 ("[A] review of the docket . . . reveals that every order entered by the Court was sent to Lane by the BNC via email to the above-listed email address . . . because Lane registered for email notices with the BNC[.] If Lane wishes to change his email notification status with the BNC, he must contact the BNC."). Once the Bankruptcy Court found the reason for the delay implausible, it was not required to analyze the remaining *Pioneer* factors. *See Perez*, 847 F.3d at 1253 (affirming denial of motion to file out-of-time answer based solely on the inadequate explanation for the delay). Thus, the Court finds no abuse of discretion by the Bankruptcy Court in not addressing each *Pioneer* factor.

Lane also argues he was entitled to liberal construction of his filings and "fair treatment" and that the Bankruptcy Court "applied Rule 8002(d) with undue rigidity." First, in reviewing the Order Denying Extension the Court sees nothing to suggest the Bankruptcy Court failed to construe Lane's filing liberally or that it construed his filing under some other inapplicable, improper, or "rigid" standard. *McCarty v. Gallant,* 1997 WL 428693, *1 (10th Cir. July 31, 1997) ("[T]here is nothing in the district court's order or in the record to support Mr. McCarty's allegation the

9

district court failed to liberally construe his pro se pleadings."). Second, it is well-settled in this Circuit that a party's pro se status does not afford them a special pass when it comes to compliance with procedural rules. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although we construe Green's pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants."); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (the Circuit has "repeatedly insisted" that pro se parties follow the rules of procedure governing other litigants). The Bankruptcy Court did not abuse its discretion in its analysis or application of Rule 8002(d) to deny Lane's request for an extension because Lane is nonetheless accountable to the same procedural rules as everyone else.

Lane also argues the denial of his requested extension by the Bankruptcy Court denied him "the constitutional right to be heard" and his due process rights because "[d]ue process also requires that litigants be given a fair opportunity to present their claims and that courts adjudicate those claims on the merits rather than dismissing them for procedural imperfections." Dkt. 18 p.53 ¶¶4-5. But the record indicates Lane received all the process he was due.

"[C]ourt proceedings that provide notice and an opportunity to be heard generally provide due process." *Borders v. Wine*, No. 21-4036-DDC-ADM, 2021 WL 4453571, at *3 (D. Kan. Sept. 29, 2021). Lane had that before the Bankruptcy Court. After he obtained notice of the June 24 Order, he filed his motion seeking to extend

10

the deadline for appeal based on his claimed excusable neglect, and he included exhibit attachments of his evidence in support of his request. *Appendix* 487-523. Nothing more was required by due process. *See, e.g.*, *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988) ("[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court.").

On this record, and for the reasons shared above, the Bankruptcy Court did not abuse its discretion when denying Lane's request to extend the deadline to file a notice of appeal.

### 2.  Denial of the Request to File an Immediate Appeal

When Lane sought the extension of time to file a notice of appeal, he also requested that the Bankruptcy Court authorize his direct appeal of the June 24 Order to the Tenth Circuit under 28 U.S.C. § 158(d)(2) and Fed. R. Bank. P. 8006(d) and (b). *Appendix* 488. After determining Lane failed to show excusable neglect, the Bankruptcy Court went further stating, "Even if Lane had filed a timely appeal, the Court would deny his request for certification to the United States Court of Appeals for the Tenth Circuit[,]" and the court explained why. *Id.* 525. Lane argues the reasons given by the Bankruptcy Court were "legally irrelevant" and "the denial of certification constitutes reversible error." Dkt. 18 p.32 ¶¶e-f. But the Court does not reach this issue. That's because the Bankruptcy Court's comments regarding

11

certification were dicta. The comments were not necessary to the Bankruptcy Court's order once it found Lane's motion failed for lack of excusable neglect.

"Dicta are 'statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand.'" *In re Haberman*, 347 B.R. 411, 416 (B.A.P. 10th Cir. 2006), *aff'd*, 516 F.3d 1207 (10th Cir. 2008) (quoting *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1995); *see also In re Agrawal*, No. 16-11253-JDL, 2018 WL 4616380, at *2 (Bankr. W.D. Okla. Sept. 24, 2018) ("The footnote was dicta and not necessary to the Court's ruling on sealing the photographs."); *United States v. Renteria-Lopez*, No. 10-10152-01-EFM, 2011 WL 3880899, at *5 n.31 (D. Kan. Sept. 2, 2011) ("However, this statement was dicta, as it was not necessary to the panel's holding."). Appellate courts are "authorized to review judgments, not dicta." *Pitts v. S. Carolina*, 65 F.4th 141, 149 (4th Cir. 2023); *see also Bunting v. Mellen*, 541 U.S. 1019, 1023 (2004) (Scalia, J., dissenting) ("We sit, after all, not to correct errors in dicta; '[t]his Court reviews judgments, not statements in opinions.'") (quoting *California v. Rooney*, 483 U.S. 307, 311 (1987).

The Order Denying Extension demonstrates the dicta when the Bankruptcy Court prefaced its comments with the statement: "Even if Lane had filed a timely appeal . . . ." But by then, the Bankruptcy Court had already determined Lane had not timely appealed because he failed to show excusable neglect. Ergo the dicta.

12

To be sure, Fed. R. Bank. P. 8006(a) allows certification of a bankruptcy court's order to an appellate court for direct review under 28 U.S.C. § 158(d)(2) only when "a timely appeal is taken." The Bankruptcy Court here determined Lane had not taken a timely appeal because he had not shown excusable neglect. So the court's comments about what it *would have done* even had Lane timely appealed was not necessary to the judgment. This Court does not review that dicta.

## CONCLUSION

For the reasons shared above, the Bankruptcy Court's August 1, 2025 Order Denying Motion to Extend Time to File Appeal and Denying Request for Direct Certification to the Tenth Circuit is AFFIRMED.

DATED: August 10, 2026

BY THE COURT:

S. Kato Crews
United States District Judge

13